██████████████████████████████

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| AKOUSTIS TECHNOLOGIES, INC. AND AKOUSTIS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> QORVO, INC., <br><br> Defendant. | Civil Action No. 2:23-cv-00180-JRG-RSP <br><br> JURY TRIAL DEMANDED <br><br> ██████████████ |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO**
**FILE AN AMENDED COMPLAINT TO ADD CORNELL UNIVERSITY AND**
**CORNELL RESEARCH FOUNDATION, INC. AS CO-PLAINTIFFS**

Defendant Qorvo, Inc. ("Qorvo") respectfully submits this opposition to Plaintiffs' *Motion for Leave to File an Amended Complaint to Add Cornell University and Cornell Research Foundation, Inc. as Co-Plaintiffs* (Dkt. 84) ("Motion"). For the reasons set forth below, the Motion should be denied and this case should be dismissed with leave to re-file as Qorvo requested in its motion to dismiss (Dkt. 17).

## I. INTRODUCTION

Plaintiffs Akoustis Technologies, Inc. and Akoustis, Inc. (collectively, "Akoustis") filed this case in April 2023 accusing Qorvo of infringing U.S. Patent No. 7,250,360 ("the '360 patent"). Akoustis does not own the '360 patent, nor does Akoustis have all substantial rights to that patent. *See* Dkt. 17 at 7-12 (Mot. to Dismiss). Rather, Akoustis licenses the '360 patent from Cornell University and Cornell Research Foundation, Inc. (collectively, "Cornell"). On June 26, 2023, Qorvo filed a motion to dismiss the Complaint because Akoustis is not a "patentee" under 35 U.S.C. § 281 and, as such, Cornell is a necessary party to the litigation. *See* Dkt. 17. At that time, Qorvo requested that Akoustis be provided an opportunity to Cornell be added as a party. *See id.* at 12 ("Akoustis should be granted leave to add Cornell as a plaintiff."). Akoustis opposed the motion, resisted Qorvo's efforts to add Cornell as a party, and waited almost one year—until **May 2024**—to now seek leave to add Cornell just as document discovery in this case is nearing completion. Despite this overt gamesmanship, Qorvo offered to support the addition of the Cornell entities as co-plaintiffs if Akoustis would agree to propose extending the case schedule by six month to allow for the discovery that should have commenced in August 2023. But Akoustis refused, insisting that Qorvo should be left holding the bag for Akoustis's untimeliness and gamesmanship. At this stage, Akoustis's motion should be denied and the case should be dismissed (with leave to refile) pursuant to the requirements of § 281.

-1-

As a threshold matter, there can be no dispute that Akoustis's motion to join Cornell is untimely in the extreme. The court-ordered deadline to join additional parties was **July 27, 2023**. Dkt. 39 at 6; Dkt. 46 at 6. There can also be no dispute that Akoustis failed to act diligently. Akoustis has been on notice that Cornell was a necessary party since at least June 2023. Despite its obligation to add necessary parties and Qorvo's request that Cornell be added, Akoustis stalled until document discovery was nearly complete. Qorvo nonetheless informed Akoustis that it would not oppose the addition of Cornell so long as Akoustis agreed to jointly propose modifications to the case schedule to allow for orderly discovery. The schedule modifications are particularly important here because (i) Cornell was not subject to disclosure and discovery requirements that apply to parties to a litigation; and (ii) Cornell has stonewalled Qorvo's prior discovery efforts under Rule 45. Akoustis, however, refused to jointly propose modifying the schedule.

Qorvo will suffer severe prejudice if Cornell is added at this late stage without changes to the case schedule. As the owner of the '360 patent, Cornell will be a focal point of discovery in this action. Cornell has possession and control over critical documents pertaining to, *inter alia*, (i) the conception of the alleged invention claimed in the patent; (ii) prior collaborations with Qorvo's predecessor companies related to the '360 patent; (iii) prior art to and prior use of the alleged invention; and (iv) licensing of the patent (including to entities other than Akoustis). Qorvo has diligently sought discovery from Cornell pursuant to Rule 45. But, at every juncture, Cornell stonewalled Qorvo's efforts. Cornell first objected to Qorvo's December 2023 subpoenas and requested more time to respond. Cornell then promised to produce documents on a "rolling basis" in March 2024. That never happened. Instead, Cornell sought to further delay discovery—

arguing that the subpoenas should be withdrawn and the discovery clocks reset because Cornell will now respond to discovery requests as a party to the action.

Adding Cornell as a party at this late stage, without modification of the case deadlines, only highlights the significant prejudice to Qorvo. Cornell has not made the disclosures required under Paragraphs 1 and 3 of the Discovery Order; Cornell has not been subject to interrogatories or requests for admission; and, as noted above, Cornell has refused to produce relevant documents for the past six months. With the substantial completion of document production scheduled for June 11, 2024, adding Cornell now will not provide sufficient time to engage in discovery.

## II.      STATEMENT OF FACTS

### A.      Akoustis Filed this Case in April 2023 for an Improper Purpose

Akoustis's delay in naming Cornell as a party should be viewed in the overall context of this case. In October 2021, Qorvo filed a lawsuit against Akoustis in the District of Delaware alleging, *inter alia*, that Akoustis infringed two Qorvo patents. In late 2022 and early 2023, evidence emerged that Akoustis had also engaged in a massive, multi-year scheme to misappropriate Qorvo's trade secrets. In February 2023, Qorvo filed an amended complaint in Delaware alleging trade secret misappropriation. That case has now been tried to a jury. On May 17, 2024, the jury found that Akoustis willfully and maliciously misappropriated more than three dozen Qorvo trade secrets. *See* Declaration of Robert Masters ("Masters Decl."), Ex. 1.[1] The jury awarded Qorvo $38.6 million in damages, including $7 million in punitive damages arising from Akoustis's willful and malicious activities. *Id.*

---

[1] All exhibits citations refer to the Declaration of Robert Masters unless otherwise indicated.

Tellingly, Akoustis filed the instant litigation in April 2023, shortly after Qorvo asserted the trade secret claims. From the start, this litigation has been a transparent attempt to harass Qorvo in retaliation for the trade secret claims in Delaware. For example, Akoustis performed no relevant presuit investigation.[2] Akoustis also made the strategic decision to omit Cornell as a plaintiff despite the necessity of including Cornell as a plaintiff under 35 U.S.C. § 281. The apparent purpose of omitting Cornell as a plaintiff was to shield Cornell from normal disclosure and discovery requirements. It is unclear whether Cornell initially refused to participate, whether Cornell was appraised of the retaliatory motivation for the case, or whether Cornell was aware that Akoustis failed to perform any relevant presuit investigation.

**B.    Akoustis Has Known Since June 2023 that It Needed to Join Cornell**

The Complaint alleges that Akoustis has the right to sue Qorvo for infringement of the '360 patent because Akoustis has an exclusive license to the patent under a 2016 agreement with Cornell (the "License Agreement"). Dkt. 1, ¶ 21; *see also* Dkt. 17-1 (License Agreement). The License Agreement, however, confirms that Cornell retains substantial rights to the '360 patent and, as such, is a required party to this litigation. *See* Dkt. 17 at 9-12. Qorvo thus filed a motion to dismiss Akoustis's Complaint on June 26, 2023 unless Akoustis added Cornell as a Plaintiff.

---

[2] The '360 patent is directed to one aspect of a process for manufacturing epitaxial wafers (referred to in the '360 patent as a "process for growing an epitaxial layer"). *See* Dkt. 1-2 at 6. Qorvo does not manufacture the accused epitaxial wafers; Qorvo purchases those materials from suppliers. *See* Dkt. 49-7 (Murphy Decl.), ¶ 11. Prior to filing this case, Akoustis alleged that it performed a "secondary ion mass spectroscopy" ("SIMS") analysis of the epitaxial wafer incorporated as a component in **one** of Qorvo's products. Dkt. 1, ¶¶ 39-50. Akoustis has now admitted in a related proceeding that a SIMS analysis **does not** show the process used to grow the epitaxial layer—i.e., cannot be used as a basis to allege infringement. Ex. 2 (Hr'g on Mot. to Quash) at 23:23-24:10 (Akoustis counsel stating that SIMS analysis provides only "really basic information" and does not show the relevant "growth recipes").

Dkt. 17. Rather than adding Cornell as a party, Akoustis opposed the motion on July 17, 2023.

Dkt. 28. The motion remains pending.

### C.      Akoustis Failed to Join Cornell by the Court Deadline of July 27, 2023

Meanwhile, on June 14, 2023, the Court issued an order setting the case for a scheduling

conference and establishing July 27, 2023 as the deadline to join parties. Dkt. 12. Akoustis let the

July 27, 2023 deadline pass without seeking leave to join Cornell, or even raising the issue with

the Court. On August 3, 2023, the parties filed a *Joint Motion for Entry of Agreed Docket

Control Order, Discovery Order and E-Discovery Order* (Dkt. 38), confirming that July 27,

2023 was the deadline to join additional parties. Dkt. 38-1 at 7. The next day, the Court issued a

Docket Control Order, again adopting the July 27, 2023 deadline. Dkt. 39 at 6.

### D.      Cornell Stonewalls Qorvo's Efforts to Obtain Documents

On December 6, 2023, Qorvo served Rule 45 subpoenas upon the Cornell entities seeking

documents and testimony pertaining to, *inter alia*, the conception of the alleged invention

claimed in the '360 patent, including the inventor files, and the licensing of the '360 patent by

Cornell, including prior licensing of the '360 patent that would not be in the possession of

Akoustis and royalty reports. Masters Decl., Ex. 3, ¶ 4. On January 12, 2024, the Cornell entities

served objections to the document requests contained in the subpoenas, refusing to produce any

documents. *Id.*, Exs. 4, 5.

Qorvo sent a meet-and-confer letter regarding Cornell's objections to the subpoenas and

conducted a meet and confer with Cornell on February 22, 2024. Masters Decl., Ex. 6, ¶ 8.

During the meet and confer, Cornell agreed to begin a rolling production of certain categories of

documents by March 15, 2024. *Id.*, ¶ 8. Cornell, however, did not adhere to its representation and

still has not produced requested documents, despite having been under subpoena to do so since

December 2023. *Id.*

**E.      Akoustis Belatedly Seeks Leave to Add the Cornell Entities Co-Plaintiffs**

On March 25, 2024, Akoustis informed Qorvo that it intended to add the Cornell entities

as co-plaintiffs. Masters Decl., ¶ 9. In response, Qorvo requested a six-month extension of the

remaining case deadlines to permit proper discovery from Cornell. *Id.* This request should have

been uncontroversial given that Cornell should have been named as a party in April 2023. But

Akoustis refused to agree to the requested extension, confirming that the goal of omitting Cornell

as a party was to impede attempts to take discovery from Cornell. *Id.* Tellingly, Akoustis has

never provided any coherent alternative explanation for why it waited 12 months before seeking

to add Cornell as a necessary party and then refused to agree to extensions of the case schedule

to accommodate the new party.

## III.    LEGAL STANDARDS

Absent a scheduling order, Rule 15 of the Federal Rules of Civil Procedure governs

amendments to pleadings, including amendments to add parties.[3] *See Shaw v. Restoration*

*Hardware, Inc.*, 93 F.4th 284, 292 (5th Cir. 2024). When, however, "'a party seeks to amend

pleadings in a fashion that would alter a deadline imposed by a scheduling order, Rule 15 is

superseded by Rule 16.'" *Id.* (quoting *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th

Cir. 2021)); *see also S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 n.4

(5th Cir. 2003) ("Having [considered the interaction between Rules 15(a) and 16(b)], we

conclude that the presence of a scheduling order renders the Rule 15 inquiry secondary."). Rule

16(b)(4) "governs amendments to pleadings after a scheduling order has been entered by the

---

[3] In the Fifth Circuit, courts apply the amendment standards of Rule 15(a)(2) to Rule 21 of the
Federal Rules of Civil Procedure, which states that "[o]n motion or on its own, the court may at
any time, on just terms, add or drop a party."  *See Tinnus Enters., LLC v. Telebrands Corp.*, No.
17-cv-00170, 2018 WL 1242048, at *1 (E.D. Tex. Mar. 9, 2018) (citing *McLellan v. Mississippi
Power & Light*, 526 F.2d 870, 873 (5th Cir.1976)).

district court and provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)).

Under Rule 16(b)(4), "courts consider four factors to determine whether good cause exists to grant leave to amend after the expiration of a scheduling order deadline: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Shaw*, 93 F.4th at 293 (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).

## IV.    ARGUMENT

The Court should deny Akoustis's Motion because the "good cause" factors under Rule 16(b)(4) weigh against adding the Cornell entities at this late date.

### A.    Factor 1: Akoustis Offers No Explanation for Its Delay in Filing this Motion

In its Motion, Akoustis offers no explanation for its failure to timely move for leave to amend to add Cornell. Akoustis alleges that "Cornell recently agreed to join its exclusive licensee in the case" (Mot. at 6), but fails to explain why Akoustis did not obtain this agreement earlier. Akoustis has known since at least June 2023 that it needed to join the Cornell entities as necessary parties in this action, yet inexplicably opposed Qorvo's prior attempt to add Cornell and waited almost one year—until May 2024—to file the present motion to add the Cornell entities. Because Akoustis offers no explanation for its delay, factor 1 weighs against granting Akoustis leave to add the Cornell entities as co-plaintiffs.

**B.**     **Factor 2:  The "Importance of the Amendment" Underscores Akoustis's Lack of Diligence in Seeking to Add the Cornell Entities as Co-Plaintiffs**

In its Motion, Akoustis alleges that adding Cornell will eliminate any need for the parties to litigate the issue of standing at trial (Mot. at 6), an issue created by Akoustis's failure to include the patent owner (Cornell) in this suit when the Complaint was filed in April 2023. This allegation simply underscores Akoustis's lack of diligence in seeking to add the Cornell entities as co-plaintiffs. Akoustis cannot wait until fact discovery (which has been ongoing for almost a year) is almost closed, and then claim that adding Cornell is so important that the amendment should take precedence over the Court's scheduling order, which contemplated adding any necessary parties when discovery was in its early stages. Accordingly, factor 2 does not weigh in favor of granting Akoustis leave to add the Cornell entities.

**C.**     **Factor 3: Adding Cornell at this Late Date Would Unduly Prejudice Qorvo**

Without an extension of the case schedule, including the discovery cutoff and trial, adding Cornell at this late date would unduly prejudice Qorvo. Cornell has critical documents pertaining to, *inter alia*, the conception of the alleged invention claimed in the patent and the licensing of the patent by Cornell (including to entities other than Akoustis). As discussed above, Qorvo has been diligently trying, without success, to get these documents from Cornell since December 2023. *See* Part II.D, above. Despite a promise to start producing documents on a "rolling basis" in March 2024, Cornell has failed to produce the requested documents. *Id.* Meanwhile, the deadline for substantial completion of document production is June 11, 2024. Dkt. 46 at 4.

Qorvo needs all discovery from Cornell that an accused infringer would normally want from a patent-owner plaintiff that employed the inventors of the asserted patent. This discovery includes the inventor files, patent licenses, patent royalty reports, and other documents spanning

-8-

the spectrum from how the invention was conceived to how the patent has been monetized. Additionally, Cornell previously licensed the asserted patent and would have critical documents pertaining to this prior license.

Qorvo is entitled to a full and fair opportunity to take discovery from Cornell consistent with the time periods afforded for party discovery under the Court's Docket Control Order. Indeed, that is one of the reasons the deadline to add parties was set in July 2023. Dkt. 39 at 6; Dkt. 45 at 6. Qorvo will suffer substantial prejudice if those timelines are short-circuited, requiring Qorvo to take months of discovery in just days or weeks. The prospect of taking discovery in short a short timeframe is particularly daunting given Cornell's recalcitrance in responding to prior subpoenas under Rule 45. Because of the undue prejudice to Qorvo, factor 3 weighs against granting Akoustis leave to add the Cornell entities as co-plaintiffs.

### D. Factor 4: If Cornell Is Added, Then a Continuance Is Needed To Cure the Prejudice

At this stage of the case, Qorvo respectfully proposes that the Court deny the motion for leave to add Cornell as party (Dkt. 84) and grant Qorvo's motion to dismiss (Dkt. 17) with leave for Akoustis and Cornell to re-file. Such a procedure would allow this case to re-start in an orderly fashion according to the timeframes set in the Court's Docket Control Order. Denying the motion for leave and dismissing the case would also recognize that Akoustis failed to exercise diligence and is solely responsible for the unjustified delay in adding Cornell—relief that Qorvo request nearly 12 months ago.

If the Court determines that the motion for leave should be granted, then an extension of the case schedule is needed to mitigate the undue prejudice to Qorvo. When Akoustis approached Qorvo to discuss this Motion, Qorvo requested a six-month extension of all of the remaining case dates to permit proper discovery from Cornell. Qorvo respectfully submits that a

six-month extension is a reasonable and normal amount of time to obtain discovery from a

patent-owner plaintiff.


Dated: May 24, 2024          Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  */s/ Jennifer Klein Ayers*
JENNIFER KLEIN AYERS (Texas Bar No. 24069322)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Ave, 20th Floor
Dallas, TX 75201
Telephone: 469.391.7400
Facsimile: 469.391.7401
jayers@sheppardmullin.com

ROBERT M. MASTERS (MD State Bar No. 14770)
JONATHAN DEFOSSE (VA State Bar No. 48220)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2099 Pennsylvania Ave, NW, Suite 100
Washington, DC 20006
Telephone: 202.747.1900
Facsimile:  202.747.3369
rmasters@sheppardmullin.com
jdefosse@sheppardmullin.com

DARREN M. FRANKLIN (CA State Bar No. 210939)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
dfranklin@sheppardmullin.com

***Attorneys for Defendant Qorvo, Inc.***

-10-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has

been served on all counsel of record via electronic mail and the Court's CM/ECF system on May

24, 2024.

/s/ Jennifer Klein Ayers
Jennifer Klein Ayers

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to

the Protective Order entered in this case.

/s/ Jennifer Klein Ayers
Jennifer Klein Ayers